IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JAN 29 A 11: 40
CLERK_____
SO. DIST. OF GA.

BENNY MAURICE BOLEN,

  Plaintiff,

v.

COFFEE COUNTY, GEORGIA, and
WARE COUNTY, GEORGIA,

  Defendants.

CIVIL ACTION NO.: CV513-004

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is housed at Ware County Jail in Waycross, Georgia, filed an action under 42 U.S.C. § 1983. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff names Ware County, Georgia, and Coffee County, Georgia, as named Defendants. However, Plaintiff makes no factual allegations in his Complaint. Rather, Plaintiff provides a handwritten portion of either court proceedings or a conversation Plaintiff had with someone named Kim Phillips. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff fails to meet this basic showing, his claims against Ware County and Coffee County should be dismissed.

In addition, a governmental entity "may be held liable for the actions of" its employees when the entity's "official policy causes a constitutional violation." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). A plaintiff "must identify a . . . policy or custom [which] caused his injury." Id. A governmental entity is subject to liability under section 1983 "when execution of a government's policy or custom . . . inflicts the injury." Mercado v. City of Orlando, 407 F.3d 1152, 1161 (11th Cir. 2005).

AO 72A
(Rev. 8/82)

Plaintiff has failed to assert that Ware County or Coffee County had any policy or custom in place or that the policy or custom led to any injury.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 29th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

3